JAMES DEMPSEY
*v.*
JOHN DONNELLY.

1. HIGHWAYS—*laying out a road—requirements under act of* 1835. The 9th section of the act of 1835, entitled, "An act concerning public roads," requires an order of the County Commissioners' Court to locate a new road, and to alter or vacate public roads, (State roads excepted), and when the proceedings had under said act, to lay out and establish a new road, *merely* show the petition for the road, the appointment of viewers, and their report, such proceedings are insufficient to establish the road, and are void.

2. SAME—*effect of subsequent proceedings based upon the original proceedings.* Nor will any subsequent proceedings, "to alter, re-locate and open said road," which are based upon the assumption that the road then existed by force of the former and original proceedings, have the effect to establish such highway.

3. SAME—*prescriptive rights—how confined.* And in such case, an action will not lie for obstructing the road. *claimed* to be in existence, but not in use by the public, because there exists a prescriptive right in the public to use some other portion of the land as a road. Such right, if it exists, is confined to the point of travel.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Mr. CHARLES M. GILMER and Mr. JOHN H. WILLIAMS, for the appellant.

Mr. J. C. THOMPSON and Messrs. WARREN, WHEAT & HAMILTON, for the appellee.

Per CURIAM: This was an action *qui tam,* before a justice of the peace of Adams county, to recover a penalty for continuing

an obstruction in a public road in that county, and by appeal taken to the circuit court, where judgment was rendered for the defendant.

The defendant did not deny the obstruction at the time and place, but denied that the *locus* was a public highway.

To establish a highway, the plaintiff relied on certain proceedings of the county commissioners' court of Adams county, commenced in 1838 and 1840.

The act of 1835, under which the proceedings were had, is entitled, " An act concerning public roads," and prescribes the mode for laying out and establishing new roads, and for altering such as had been established. The ninth section of that act required an order of the court to vacate a new road, and to alter or vacate public roads, except State roads, with which the court could not interfere. The proceedings show nothing more than the petition for the road, the appointment of viewers and their report, and there stops. These were insufficient to establish the road.

As to the proceedings in 1840, they were originated for the purpose of altering a road assumed to be in existence. These proceedings did not have the effect to establish that as a road which the court undertook to alter.

As to the proceedings of the commissioners of highways in 1866, they were had on the presumption that a public highway existed, the petition being, not to open a new road, but " to alter, re-locate and to open said road,"—clearly implying the existence of a road. If no road existed, the proceedings were void, and that none existed by force of the proceedings in 1838 and 1840, is shown.

The only ground remaining is, that there was a prescriptive right in the public to use this land as a road. Whatever right existed from this source applies to the old or deflected line, and not to the line at the point where it is claimed the obstruction was.

These views show there was no error in the judgment of the circuit court, and it must therefore be affirmed.

*Judgment affirmed.*